**MENG XIONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Respondent.**

**No. 07–1718–ag.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

342

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: WALKER, CHESTER J. STRAUB, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Meng Xiong Lin, a citizen of the People's Republic of China, seeks review of an April 5, 2007 order of the BIA affirming the September 28, 2005 decision of Immigration Judge ("IJ") Noel Ferris denying Lin's application for relief under the Convention Against Torture ("CAT"). *In re Meng Xiong Lin,* No. A 97 129 328 (B.I.A. Apr. 5, 2007), *aff'g* No. A 97 129 328 (Immig. Ct. N.Y. City 23 Sept. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007)(quoting section 1252(b)(4)(B)). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As a preliminary matter, we decline to review Lin's assertions that, in rendering her decision, the IJ engaged in speculation and failed to develop the record. Lin failed to raise these arguments before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir. 2007). Moreover, because Lin otherwise fails meaningfully to challenge in his brief to this Court the agency's denial of his CAT claim, we deem any such challenge waived.

*Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002). Even if Lin had adequately exhausted his arguments on appeal, moreover, the record evidence supports the agency's determination that he failed to establish eligibility for relief under the CAT where, contrary to his argument, the evidence of record does not indicate that he left China illegally. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.